Weekly Edition, One Year (50 issues) Payable in Advance ...................................... $15.00

Discount for advance payment $3.00, making the net price .................................... 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end of year, if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ................................ .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning........................Business Director

Sheldon R. Laning....................Editorial Director

### KRAKOFF v. KRAKOFF.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1507. Decided Sept. 6, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**1265. WEIGHT OF EVIDENCE.**
In action for damages for injuries growing out of alleged negligence, where defendant is not represented in court, verdict for defendant not necessarily against weight of evidence.

**829. NEGLIGENCE.**
What is ordinary care and what is actionable negligence are matters to be determined by jury, in ordinary cases, under proper instructions from court.

Error to Trial Court.
Judgment affirmed.

Williams & Nash, Columbus, for plaintiff.
Ballard, Jones & Price, Columbus, for defendant.

#### FULL TEXT.

BY THE COURT.

This case is sui generis. Krakoff, Sr., sued Krakoff, Jr., (father and son) for damages growing out of an automobile collision. There is a liability insurance company in the background.

Krakoff, Sr., was an invited guest sitting on the rear seat, and his son was the owner and driver of the automobile. Krakoff, Sr., charges negligence against his son, both as to the speed of the automobile and the manner in which the same was driven. The automobile in which Krakoff, Sr., was riding was being driven south from Worthington in the evening. It was raining and the streets were wet. It is charged that Krakoff, Jr., was driving the car at an excessive rate of speed and so operated the automobile as to cause it to skid and to turn around on the opposite side of the road, when another automobile ran into the same, injuring the plaintiff.

The answer on file is in the nature of a general denial.

During the progress of the case, The Liability Insurance Company, through its counsel, sought to be made a party and make its own defense. This the court refused to permit. The case thereupon proceeded to trial, the defendant not being represented by counsel, and apparently taking no part in the trial of the case. Krakoff, Sr., the plaintiff, was represented by counsel and introduced the testimony of his witnesses before the jury and the court. There was no cross-examination, and there was no opposing testimony.

The jury, by the concurrence of eleven members, returned a verdict for the defendant.

The plaintiff filed a motion for a new trial and the trial court overruled the motion and rendered judgment on the verdict. The plaintiff now prosecutes error in this court.

Counsel for plaintiff in error contend that there was error in the charge of the trial court, especially in view of the fact that the plaintiff's evidence was undisputed. We have carefully read the charge of the trial court and are of opinion that there is no error therein prejudicial to the plaintiff in error. The sole question, therefore, rests upon the contention that the verdict is contrary to the evidence.

Counsel for plaintiff in error contends that as the affirmative testimony offered in support of the plaintiff's case was undisputed, that the jury and the court were bound to accept the same. We think that contention is not sound, especially under the circumstances of the instant case. It was to all intents and purposes an ex parte case. The real party in interest, to-wit, The Liability Insurance Company, was not in court. It was therefore for the jury to draw reasonable inferences as to whether Krakoff, Jr., was guilty of negligence contributing to the plaintiff's injuries, or whether the same resulted exclusively from other causes.

The burden was upon the plaintiff to produce evidence sufficient to convince the jury that Krakoff, Jr., was guilty of negligence and that his negligence was the proximate cause, and in the absence of more definite evidence produced by the plaintiff, the jury might reasonably have found against the plaintiff upon that issue. It must be remembered that what is ordinary care and what is actionable negligence are matters to be determined by the jury in ordinary cases under proper instructions from the court.

The instructions of the court being proper, and the jury having returned a verdict in favor of the defendant and the trial court having confirmed that verdict, the majority of this court are of the opinion that the same should not be disturbed upon the ground that the ver-

dict and judgment were contrary to the evidence or contrary to the manifest weight of the evidence.

(Ferneding and Allread, JJ., concur.)